IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA J. RAY,<br><br>          Plaintiff,<br><br>     vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>          Defendants.<br>_____/ | Case No.: 1:10-CV-01240-OWW-JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S COMPLAINT |

Before the Court is a motion to dismiss for lack of jurisdiction filed by Defendant Michael J. Astrue, Commissioner of Social Security, on November 22, 2010. (Doc. 13). Defendant alleges that the Court does not have jurisdiction over the action filed by Debra Ray ("Plaintiff"), who seeks review of an administrative decision denying her claim for supplemental security income ("SSI") benefits. (Doc. 1). Plaintiff filed a statement of non-opposition to Defendant's motion on December 9, 2010. (Doc. 15).

**I.  Factual and Procedural History**

An administrative law judge denied Plaintiff's application for SSI benefits on May 4, 2009, and Plaintiff filed a request for review of the decision with the Appeals Council. (Doc. 13-1 at 2). Plaintiff commenced this action against Defendant by filing a complaint on July 9, 2010. (Doc. 1). On August 5, 2010, the Appeals Council granted Plaintiff's request for review and remanded the

1

matter to an administrative law judge. (Doc. 13-1, Ex. 2). Therefore, at the time Plaintiff filed the civil action in this Court, the Appeals Council had not completed action on Plaintiff's request for review.

## II. Jurisdiction

The Court has jurisdiction to review decisions regarding Social Security benefits and the denial of SSI claims arising under Title XVI. 42 U.S.C. § 405(g). In relevant part, the provision states:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow.

*Id.* Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). The Supreme Court noted that the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders*, 420 U.S. 99, 108 (1977).

Defendant argues that the Court lacks jurisdiction because "Plaintiff . . . has not received a final decision subject to judicial review." (Doc. 13 at 4). Further, Defendant argues that because the Appeals Council granted Plaintiff's request for review, the decision for which Plaintiff seeks judicial review has been vacated. *Id.* Given that Plaintiff's request for review was granted by the Appeals Council she filed her complaint, there has not been "a final decision" for the Court to review as required by 42 U.S.C. § 405(g). Therefore, the Court lacks jurisdiction over the matter. Notably, Plaintiff filed a statement of non-opposition to Defendant's motion, thereby conceding that the Court lacks jurisdiction. *See* Doc. 15 at 1.

## III. Findings and Recommendations

For the foregoing reasons, the Court lacks jurisdiction over this matter. The Court may dismiss an action if it lacks jurisdiction over the matter. *Fielder v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (court must dismiss action whenever it determines that it lacks subject matter jurisdiction).

///

///

Accordingly, the Court **HEREBY RECOMMENDS**:

    1.    Defendant's motion to dismiss is **GRANTED**; and

    2.    Plaintiff's Complaint is **DISMISSED**; and

    3.    Because the order dismissing the Complaint concludes this case, the Clerk of the Court is ordered to close this matter.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within ten (10) court days (plus three (3) days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **December 14, 2010**                                    /s/ Jennifer L. Thurston
                                                                              UNITED STATES MAGISTRATE JUDGE